**Betsy French Lumbra v. Robert Brian Lumbra**

[394 A.2d 1139]

No. 29-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 2, 1978

*George K. Belcher* of *Kilmurry & Stone Associates, Inc.,* Montpelier, for Plaintiff.

*Gaston & Durrance,* Montpelier, for Defendant.

**Billings, J.** The sole issue on this appeal from a divorce decree of the Washington Superior Court concerns the custody of the two minor children, now ages 10 and 12. The trial court, pursuant to a stipulation of the parties, appointed an attorney to represent the children. 15 V.S.A. § 594. Upon final hearing, over objection of the plaintiff-appellant, the trial court allowed the children's attorney to make a recommendation as to a

custody order. The recommendation resulted from the children's attorney's out-of-court investigation. Without making any finding of fact on the children's best interests, the trial court adopted the recommendation verbatim in the final order. Custody of the children was decreed jointly to the parties, with specific directions as to when the children would be with each parent.

15 V.S.A. § 292 provides:

> When a marriage is annulled or a divorce granted, and at any time thereafter, upon petition of either of the parents, the court may make such other or further decree as it deems expedient concerning the care, custody and maintenance of the minor children of the parties and on the petition of either of the parents, may annul, vary or modify such order.

The trial court has wide discretion in awarding custody, always having in mind the best interests and welfare of the child. *Boone* v. *Boone*, 133 Vt. 170, 174, 333 A.2d 98, 101 (1975); *Lafko* v. *Lafko*, 127 Vt. 609, 256 A.2d 166 (1969). A court in an appropriate case has the power to divide custody between the parties, and no party to this suit contends otherwise.

Joint custody must be distinguished from the more usual situation where one spouse in a divorce action is awarded custody and the other spouse visitation rights merely. In the latter case, only one parent has the right to exercise authority over the child. Where joint custody is decreed, that authority is divided between the parents. This arrangement gives rise to special problems that have been recognized by many of our sister jurisdictions.

One such problem is lack of parental cooperation. Where the right to custody is litigated, the parents have been unable or unwilling to agree between themselves, and ask the court to decide the issue for them. This fact alone raises serious questions as to whether the parents will be able to collaborate in the interest of their offspring when a parental decision is required. *Bronner* v. *Bronner*, 278 S.W.2d 530 (Tex. Civ. App. 1954). If cooperation is difficult or nonexistent, there is danger that the children will be confused.

Problems arising from the lack of a stable home life and frequent changes of habit also may be expected to arise more frequently in joint custody than in sole custody cases. This is so for two reasons. The first is that in the sole custody situation the child generally spends more time with the custodial parent than with the visiting parent, thus establishing a dominant routine. The second has to do with the problem of cooperation discussed above. Where parents maintain separate households and differing routines, perhaps even different notions of acceptable behavior and discipline, the likelihood of confusing the children is increased where neither parent has the final word.

■ These problems lead us to hold that joint custody should only be decreed in cases where there is a finding of extraordinary circumstances. Joint custody is rarely the best solution to a custody dispute from the child's point of view. See Annot., 92 A.L.R.2d 695 (1963).

■ We do not hold that joint custody is against the best interests of the child as a matter of law. We rather presume that this is so, and require a finding of some special circumstance indicating that such disposition would serve the child's best interest to overcome the presumption. *Utley* v. *Utley*, 364 A.2d 1167 (D.C. 1976). Only by requiring findings of fact can we determine if the trial court exercised its discretion properly.

■ Various factors will, of course, be considered by the trial court in making its determination on the issue of joint custody. The following enumeration is not intended to be exclusive. First is the fitness of the parents. Joint custody preserves some incidents of the marriage relationship that would be terminated by a decree of sole custody with visitation rights, and thus has the potential for perpetuating marital strains. Each parent must be able to bear them. Closely allied to this factor is that of the ability of the former spouses to cooperate in guiding their child to adulthood, discussed above.

The age of the child is a relevant consideration. A child's need for stability becomes less critical as he outgrows the

period of "tender years." So too is the distance between the houses of the parents a factor. Great distance may make visitation impossible. Frequency of transfer and proportion of each parent's custodial time are also important. Frequent changes are inherently disruptive, particularly when a change of schools is involved. A roughly equal division of physical custody is potentially more confusing to the child than a less balanced proportioning. Annotation, *supra*, §§ 9–11; *Mayer* v. *Mayer*, 150 N.J. Super. 556, 567, 376 A.2d 214, 220 (1977).

The plaintiff claims the trial court erred in permitting the lawyer for the minor children to make recommendations to the court as to disposition of the custody issue. 15 V.S.A. § 594 permits the trial court to appoint an attorney to represent the interests of the minor children in a divorce matter. This attorney stands in the same relationship to the children and to the court as any other attorney representing his client. He may present evidence, cross-examine witnesses, and argue on the evidence on behalf of his clients. Here, however, the attorney made written and oral recommendations for an order of custody based on his out-of-court investigation. The trial court refused to allow the attorneys for the parties to call the children's attorney as a witness or to examine him in any manner whatsoever.

It is unclear from the record under what theory this recommendation was taken by the trial court. If the recommendation was accepted as testimony bearing on the best interests of the children, then it is objectionable on numerous grounds. A lawyer is prevented by ethical considerations from testifying in his client's cause. A.B.A. Code of Professional Responsibility, EC 5-10. To the extent the recommendation is based on the lawyer's out-of-court investigation, it constitutes hearsay. To the extent that the recommendation was testimonial in nature, the trial court's refusal to allow cross-examination violated the due process guarantees of the Fourteenth Amendment to the United States Constitution. If, on the other hand, the children's lawyer was making a recommendation on the basis of expertise, it was incumbent upon him to establish his expert status. Even had he done so, the elimination of cross-examination to test the expert's qualification and the basis for his conclusion would still have been violative of due process.

534

■ Defendant argues that the recommendation was merely a request for relief made out of time. In view of the fact that the recommendation was declared in open court to have been made on the basis of independent investigation, and the fact that the detailed and lengthy recommendation was adopted verbatim in the court's order, we must conclude that the court's acceptance of the recommendation constituted reversible error.

*Reversed and remanded for hearing on the sole issue of custody.*