## Sharon Berlin v. Howard Berlin

[428 A.2d 1113]

No. 118-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 5, 1981

*Davis, Rounds & Mayhew, P.C.*, Windsor, for Plaintiff.

*Howard Berlin*, pro se, Lebanon, New Hampshire, Defendant.

**Barney, C.J.** The defendant, father of two children, is appealing a custody award of those children to the plaintiff mother in a divorce action. He seeks joint custody, and argues for that result or a remand for review of the custody issue both on principle and on the basis of claimed shortcomings in the trial court hearing.

He contends that the trial court abused its discretion by awarding custody without making findings concerning whether joint custody would be in the interest of the children, and without appointing counsel to represent the interests of the children under 15 V.S.A. § 594. The principal problem with the defendant's arguments is that they do not relate to any issues raised below and eligible for review here. No findings were requested, nor did either party ask that counsel be required for the two children or object below to the court's

failure to make such a discretionary ruling under 15 V.S.A. § 594. This Court will not review issues that were not raised below. *Cameron* v. *Cameron,* 137 Vt. 12, 15, 398 A.2d 294, 296 (1979).

However, the defendant particularly urges that the custody order be made joint, and that the standard of *Lumbra* v. *Lumbra,* 136 Vt. 529, 532, 394 A.2d 1139, 1142 (1978), be modified.

To fully understand this Court's statements with respect to joint custody, the purposes of a custody order must be kept in mind. Such an order is made in the light of the circumstances of the parties as disclosed by the evidence, viewing both their current situation and the expectations for the future legitimately raised by that evidence. Its purpose is that of court decisions generally, *i.e.,* to resolve disputes between parties, including husband and wife, that they cannot or will not settle between themselves on their own.

With that as a function and a duty, a court must design its order to provide solutions to areas of conflict. It is within that overall duty that courts must do their best to make the order protect the best interests of the children. Most often, the preferred solution from the children's point of view, the preservation of the marital union, is beyond reach, and the order must select among less preferable alternatives. But it would be an abdication of duty to draft an order that would leave custody in an unresolved confusion of conflict and uncertainty. The "best interests of the children" would certainly become illusory indeed, and the dangers of their becoming the focus of dispute enlarged.

Furthermore, if there does exist between parents the good will and trust essential to successful joint custody, it obviously would be strong enough to permit the equitable working out of a joint solution, either by pre-divorce stipulation or by adaption or modification of an existing court decree. The court does not stand in opposition to joint custody; it merely recognizes that the same lack of agreement that requires that the courts be asked to settle domestic difficulty also indicates that the possibility of a cooperative custody solution is usually remote. This is what *Lumbra* v. *Lumbra, supra,* speaks to.

So it is in this case. An examination of only the defendant's brief displays enough history of custody conflict to

demonstrate that, without the definitive structures of a positive order resolving the rights between the parties, the custody conflict would probably be both constant and bitter. The interest of the children requires more, and the lower court rightly provided it.

*Judgment affirmed.*