**Dolores Fay Reindeau Bushway v. Joseph Reindeau**

[433 A.2d 283]

No. 248-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

Motion for Reargument Denied July 9, 1981

*Dorsch & Hertz,* Brattleboro, for Plaintiff.

*Divoll and Doores, P.C.,* Bellows Falls, for Defendant.

**Per Curiam.** Plaintiff, Dolores Bushway, was granted an uncontested divorce, 15 V.S.A. § 551(7), from defendant in 1974, pursuant to a stipulation between the parties. Plaintiff received custody of three of the four children, and defendant was to pay ten dollars ($10.00) per week towards the support of each minor child entrusted to plaintiff's care.

Plaintiff brought action in superior court requesting that the defendant be found in contempt of court for failure to pay support as required by the judgment order. She also asked that the weekly support order for the remaining minor child

of the parties be raised. See 15 V.S.A. § 292; *Beaudry* v. *Beaudry*, 132 Vt. 53, 57–58, 312 A.2d 922 (1973). The trial court made findings of fact and concluded that the defendant was $660.00 in arrears in the support payments required by the original decree. It also concluded, *inter alia*, that the circumstances of the parties had changed and that the support for the remaining minor child in the custody of the plaintiff should be raised from $10.00 to $15.00 per week. It is from this part of the order that defendant appeals. We affirm.

Defendant bases this appeal on a finding by the court that he was making $300.00 per week at the time of the divorce while he is presently earning only $232.00 per week. On this basis, defendant claims, there is no justification for a raise in support payments.

Plaintiff counters this by alleging a mistake by the trial court in its finding that defendant earned $300.00 per week in 1974. She claims that defendant's own uncontradicted testimony showed an income of only $200.00 per week, so that the modification is therefore valid.

The transcript discloses no basis for the finding that defendant was earning $300.00 per week in 1974. Defendant's testimony shows that he was receiving close to $200.00 per week in 1974 and his gross earning presently is $232.00 per week. We conclude that the trial court committed a clerical error in its findings. A remand to the lower court to remedy this obvious mistake would be a waste of expense and judicial time. We, therefore, correct that error and find that defendant was earning $200.00 per week in 1974 and $232.00 per week in 1980.

Based on the above we conclude that the trial court did not commit error in its conclusions of law and, therefore, its judgment must stand.

*Judgment affirmed.*