**Francis S. Fyles and Olga M. Fyles v. Charles Schmidt and Fire District No. 2**

[449 A.2d 962]

No. 135-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed July 12, 1982

420

*Cleveland, Unsworth, Bennett & Bailey,* Shelburne, for Plaintiffs-Appellants.

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Defendant-Appellee.

**Billings, J.** The plaintiffs-appellants filed a complaint in the nature of a mandamus pursuant to V.R.C.P. 75 against the chairman of the Prudential Committee of Fire District No. 2, Shelburne, Vermont, requesting that the court order the defendants to assume the ownership and maintenance of a lateral sewer line from plaintiffs' residence to the defendants' sewer main. The trial court after a hearing denied the relief requested. Plaintiffs appeal.

In 1950 Fire District No. 2 was chartered and subsequently a sewer main was installed along the east side of U.S. Route 7. It extended as far as, what was then, the last house within district boundaries. In 1961 plaintiffs built a house on property on the west side of U.S. Route 7 some distance beyond the end of the sewer main. After determining that their land was unsuitable for a septic or leaching system, the plaintiffs installed at their expense a sewer line connecting their house to the termination of the defendants' sewer main. This line extended some 50 feet across U.S. Route 7 and 480 feet along the west side of the highway. Because of the slope of the land a pumping station was also installed.

In 1969 and later in 1977 plaintiffs requested that the district take over the maintenance and ownership of the line and pump. By letter dated July 29, 1977, the district refused. Subsequently on February 7, 1978, plaintiffs requested the district to reverse its prior decision. This was denied. Again on April 21, 1978, plaintiffs' attorney asked for "a recent refusal to act," which request was complied with on April 27, 1978. Then, on May 2, 1978, pursuant to V.R.C.P. 75(c), plaintiffs instituted the present action. The defendants objected to the timeliness of the complaint both as an affirmative defense below and again on appeal. The trial court found that the complaint was timely but held for the defendants on the merits, refusing to order the fire district to take responsibility for the sewer line. Plaintiffs raise three issues on appeal.

As a preliminary matter we must decide whether plaintiffs' suit was timely filed in the trial court. We hold that it was not, but that defendants are estopped from objecting on this ground. V.R.C.P. 75(c) provides that appeals from the decision of a subdivision of the state shall be made within thirty days unless the court enlarges the time pursuant to V.R.C.P. 6(b). V.R.C.P. 6(b) provides that the court, for cause shown, may enlarge the time for filing only if (1) the request for enlargement was made prior to the expiration of the original time period, or (2) the failure to act was a result of excusable neglect.

In the present case the plaintiffs did not request an enlargement, nor did they show excusable neglect. They assert instead that the present action was timely. Yet the only pur-

ported action by the district within thirty days prior to May 2, 1978, the day this suit was brought, was an exchange of letters between the parties' attorneys. On April 21 plaintiffs' attorney, apparently realizing that he had not filed suit within the time limits of Rule 75, wrote to the defendants' attorney explaining that he was planning to bring suit but to do so needed a "recent refusal to act." Incredibly, defendants' attorney complied. We hold that this pro forma exchange of letters does not constitute a reviewable governmental action for purposes of Rule 75.

■ This defect, however, is not fatal to the plaintiffs' case. The thirty-day filing requirement of Rule 75 is not jurisdictional, V.R.C.P. 75 Reporter's Notes, and the original July 29, 1977, letter of the defendants' refusing to assume responsibility for the sewer line was a reviewable governmental action under Rule 75. Although a suit was not brought within thirty days of this refusal, the defendants are estopped from objecting on this ground, because of their letter of April 27, 1978. See *Dutch Hill Inn, Inc.* v. *Patten,* 131 Vt. 187, 193, 303 A.2d 811, 815 (1973).

We turn now to the three issues raised by the plaintiffs on appeal. The plaintiffs claim that: (1) the fire district has "a duty to comply with its charter, that is to take over the maintenance of sewer mains within its district"; (2) the district's refusal to take over plaintiffs' sewer line violates the equal protection clause of the fourteenth amendment of the United States Constitution and the corresponding clause of chapter 1, article 9 of the Vermont Constitution; and (3) the district acted in an arbitrary and capricious manner in classifying plaintiffs' sewer line as a "building sewer" or "lateral" instead of a sewer main.

The first claim of the plaintiffs, even if correct, and we do not so hold, depends on a determination that the plaintiffs' sewer line is a sewer main. Because we hold that it is not, we do not reach this issue.

■ The second issue, based on equal protection grounds, is dispatched with equal ease. The plaintiffs did not raise the issue below either in their complaint, during trial, or in their requests for findings and conclusions of law. Issues not ruled

on by the trial court cannot be raised for the first time on appeal. *Berlin* v. *Berlin*, 139 Vt. 339, 340, 428 A.2d 1113, 1114 (1981). In any event, the issue is a totally meritless abasement of the fourteenth amendment; the division between sewer mains and sewer laterals is not a suspect classification, nor is there a fundamental right to enjoy municipal sewage disposal.

The third issue is the real crux of this appeal. Did the trial court err in finding that the plaintiffs' sewer line is a lateral? We hold that it did not. The trial court found that:

(1) it is the policy of the district to maintain sewer mains while homeowners maintain laterals; (2) laterals are defined by the district as lines running between dwellings and sewer mains; and (3) plaintiffs' sewer line serves only their own home.

Findings of fact must stand if supported by credible evidence even though there may be inconsistencies or even substantial evidence to the contrary. *Brown* v. *Town of Windsor*, 139 Vt. 129, 130, 422 A.2d 1268, 1269 (1980). Plaintiffs are entitled to sewer services on the same terms as other comparable properties. *Corcoran* v. *Village of Bennington*, 128 Vt. 482, 491, 266 A.2d 457, 464 (1970). We hold that the evidence supports the finding that plaintiffs' sewer line is a lateral and shows a uniform policy properly applied as far as plaintiffs are concerned. Any distinctions between sewer mains and laterals have a reasonable basis in fact and are not arbitrary.

*Affirmed.*