# Judy Ann Pollander White v. Roy Warren White

[450 A.2d 1108]

No. 142-81

Present: Barney, C.J., Hill, Underwood and Peck, JJ., and
Larrow, J. (Ret.), Specially Assigned

Opinion Filed July 30, 1982

*George K. Belcher,* Barre, for Plaintiff-Appellee.

*Shelley J. Gartner,* Waterbury, for Intervenor-Appellee.

*Ann Barker* of *Gaston & Durrance,* Montpelier, for Defendant-Appellant.

**Barney, C.J.** The parties were divorced on March 26, 1980. The issue of child support was resolved pursuant to a stipulation between them. The stipulation was approved by the trial court and incorporated into the final order of divorce entered the same day, and provided that the defendant would pay support for one minor child in the amount of $100 per month, and that this amount would be adjusted upward by 6% on April 1st of each year. Because payments were to be made to the State of Vermont so long as the plaintiff received benefits from the Department of Social Welfare, the Department appeared as an intervenor in this dispute.

On January 30, 1981, the defendant moved pursuant to 15 V.S.A. § 292 and V.R.C.P. 80(j) for a modification of the divorce order in regard to support, asking that his payments

be reduced to $20 per month, and that the automatic annual increase be eliminated. He argued that his original agreement to pay $100 per month had been based on an assumption that his income would remain constant or increase, but that due to circumstances beyond his control it had actually decreased substantially, leaving him unable to pay at the rate ordered by the court.

The defendant is newly self-employed in the firewood business, and in addition works part-time for the Town of Moretown. At the time he entered into the stipulation he had been so employed for about one year, and claimed an income of approximately $18,000 from the firewood business, less maintenance and repair costs of around $1,000, and an additional $3,000 income from his part-time job.

During the business year 1980–81, however, the defendant alleges that he realized only $12,000 from the firewood business because the previously mild winter had left his customers with an oversupply of wood on hand, and because the downward turn in the housing construction business resulted in fewer land clearing jobs for him. In addition he had unanticipated repair expenses of more than $5,000, and earned only about $1,000 working for the Town of Moretown. Although he took a second part-time job in an effort to offset his declining income, he calculated that his available income in 1980–81 was $11,000 less than it had been in 1979–80, when he agreed to the monthly support payments of $100. In addition he had married a woman with three minor children who were dependent on him for support.

The motion to modify the decree came on for hearing February 27, 1981. The defendant testified and submitted affidavits on his financial situation. The plaintiff asked at the close of the defendant's testimony for a denial of the motion, on the ground that no material change in circumstances had been shown, as is required to establish jurisdiction to modify a final divorce decree which encompasses an order for support. *Miller* v. *Miller*, 124 Vt. 76, 79, 197 A.2d 488, 491 (1963).

The trial court denied the motion for modification and announced the basis for its decision with the following finding:

> While Defendant's income has decreased since the date of the divorce order, which is based upon a stipulation,

said decrease is the result of the general economic decline that affects all parties and is, or should have been, forseeable [sic].

This language leaves little doubt that the trial court acted in reliance on the rule established in *Braine* v. *Braine,* 127 Vt. 211, 243 A.2d 797 (1968), where we said in an alimony case that when parties make their own arrangements, and their stipulations are incorporated into the court's decree, any need for later alteration must show not only the substantial change in material circumstances required by *Miller,* but must also do so by an "especially explicit exposition" of "fraud, unconscionable advantage, impossibility of performance or hampering circumstances intervening beyond the expectation of the agreeing parties." *Braine, supra,* 127 Vt. at 213–14, 243 A.2d at 799.

The defendant argues on appeal that the increased burden of *Braine* should not be applicable to this, or any child support case, and maintains that he has met the appropriate test established in *Miller.* He further claims that the finding on which the trial court based its decision was not supported by the evidence, and that even if it was supported, the court was obliged to consider the impact of that decline on these particular parties in this particular case. We find merit in both arguments, and we reverse.

■   It is not uncommon for a husband and wife who face divorce proceedings to enter into a stipulation on matters of property distribution, alimony and child support, in the hope that whatever agreement they can reach together will be preferable to that which might be imposed by a court which is a stranger to the marriage. Our statute and our cases support their right to do so. 15 V.S.A. § 553; *Duke* v. *Duke,* 140 Vt. 543, 442 A.2d 460 (1982); *Hoffman* v. *Hoffman,* 133 Vt. 179, 333 A.2d 94 (1975); *Braine* v. *Braine, supra.* In the case of property division and alimony the resulting contract between them is a presumptively fair, formal, and binding promise to perform, which our courts will not lightly overturn since the parties may have bargained away rights or positions of advantage in exchange for other consideration. *Strope* v. *Strope,* 131 Vt. 210, 216, 303 A.2d 805, 809 (1973); *Braine* v. *Braine, supra.*

■ This rationale does not apply where the interests of the children of the marriage would be affected by any subsequent amendment of the original order, however, in regard to child custody, visitation or child support. Because the court embodies the public's paramount interest in the care and maintenance of these children, its jurisdiction is of necessity continuing until they reach the age of majority, and its decree, in so far as it touches the children's welfare, is subject to modification. 15 V.S.A. § 292; *Beaudry* v. *Beaudry*, 132 Vt. 53, 57, 312 A.2d 922, 925 (1973); *Randall* v. *Randall*, 129 Vt. 432, 434, 282 A.2d 794, 795 (1971); *Miller* v. *Miller*, 123 Vt. 221, 224, 186 A.2d 93, 95 (1962).

■ While divorcing parents may in some cases bind themselves in contract on matters involving their children, *Murray* v. *Murray*, 350 S.W.2d 593, 596 (Tex. Civ. App. 1961), they cannot thus withdraw the interests of those children, who are not parties to that contract, from the continuing jurisdiction of the court. *Fuchs* v. *Fuchs*, 260 N.C. 635, 639, 133 S.E.2d 487, 491 (1963). Since the court's authority in this regard is clearly set out by our statute, 15 V.S.A. § 292, no unfairness should result from deeming divorcing parties to have contemplated that authority when reaching their agreements. See *Schluter* v. *Schluter*, 23 N.J. Super. 409, 415, 93 A.2d 211, 214 (1952), *cert. denied,* 11 N.J. 583, 95 A.2d 644 (1953).

■ A stipulation between husband and wife on matters pertaining to child support merely reflects what the parties have settled on as an arrangement agreeable to them. *Fuchs* v. *Fuchs, supra,* 260 N.C. at 639, 133 S.E.2d at 491; *Grand* v. *Grand,* 163 A.2d 556, 557 (D.C. 1960); Annot., 61 A.L.R.3d 657, 661 (1975). Its incorporation into a divorce decree indicates that at the time of the decree the trial court found that what the parties had already settled upon was a just and reasonable sum. *Gerdel* v. *Gerdel,* 132 Vt. 58, 61, 313 A.2d 8, 10 (1973); *Grand* v. *Grand, supra,* 163 A.2d at 557; *Grunder* v. *Grunder,* 186 Kan. 766, 769, 352 P.2d 1067, 1070 (1960) (citing *Phillips* v. *Phillips,* 163 Kan. 710, 186 P.2d 102 (1947)). That judgment, however, does not affect the trial court's later ability to modify its order when such modification is shown to be equitable under the circumstances.

*Bushway* v. *Reindeau,* 139 Vt. 543, 433 A.2d 283 (1981); *Stern* v. *Horner,* 22 Md. App. 421, 324 A.2d 134 (1974).

To the extent that our language in *Hoffman* v. *Hoffman, supra,* and *Duke* v. *Duke, supra,* or other cases which mention, but do not turn on, matters of child support suggest a contrary position, that language is to be disregarded. In no case we have found, however, will the result be affected. In *Hoffman* we reviewed the trial court's findings in detail and concluded that they failed to meet even the less burdensome test of *Miller.* In *Duke,* our conclusion that the possibility that the father would have the children for the entire summer was not only "foreseeable" but was expressly contemplated by the stipulation entered into, precluded the trial court from finding a changed circumstance under any test.

Having thus set out our standard, however, we are unable to apply it in reviewing this case. The trial court's sole "finding" that the defendant's problems were the result of a general economic decline which did not amount to a substantial change in material circumstances amounts to a conclusion of law which cannot be countenanced. Where controverted facts are involved a trial court must exercise its discretion and make findings based on the testimony before it, and it is error to depart from this process in order to operate on a theory of judicial notice. *Bancroft* v. *Ackerman,* 138 Vt. 559, 561, 421 A.2d 1279, 1280 (1980); *Vermont National Bank* v. *King,* 135 Vt. 551, 552, 382 A.2d 210, 211 (1977). This is so even where the judicially noticed facts would be sufficient without more, which we are not convinced is the case here.

*Judgment reversed and cause remanded for further proceedings consistent with the views expressed herein.*