### Carl R. Bucholt v. Margaret C. Bucholt

[566 A.2d 409]

No. 87-568

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed August 4, 1989

*Carl R. Bucholt*, pro se, Manchester Center, Plaintiff-Appellant.

*Jeremy Dworkin*, South Londonderry, for Defendant-Appellee.

**Gibson, J.** Plaintiff appeals from denials of his motion for relief from an earlier decision of the superior court and of his motion for modification of his child support obligations. We reverse.

The parties were divorced on November 26, 1985, and pursuant to a stipulation, the court ordered that they share custody of their two minor children. It was the intent of the stipulation and order that the children divide their time equally between the residences of the parties. Plaintiff was required to pay support of $75 per week for each child while they were in their mother's care. Under this arrangement, plaintiff was required to pay approximately $300 child support per month. On March 27, 1987, plaintiff moved, pro se, to modify his child support payments based on changed circumstances: because of physical problems related to his work, plaintiff had sold his business and returned to school to pursue a graduate degree in counseling.

Following a hearing in late April, the trial court issued an order on May 11, 1987, refusing to reduce plaintiff's total child support obligation.[1] On June 22, 1987, plaintiff, now represented by counsel, filed a "motion for reconsideration" under V.R.C.P. 60. Due to scheduling misunderstandings, this motion was not considered by the court until November 10, 1987. At the hearing held on that date, the court also considered a new motion to modify, made orally by plaintiff's counsel. The motion to reconsider was denied, as was the motion to modify.

Plaintiff appeals from the denial of his November 10th motion to modify child support payments on the ground that "the statutorily mandated factors upon which child support orders are to be based" were not considered by the trial court, and that its findings and conclusions were thus unsupported by the evidence.

■ Ordinarily, in order to reach the merits of a modification petition, the moving party must first prove that there exists a "real, substantial and unanticipated change of circumstances." 15 V.S.A. § 660(a); see, e.g., *Garrow v.*

---

[1] In consideration of plaintiff's unemployment due to his studies, however, the court adjusted the payment schedule to allow him to pay only $100 per month, deferring the balance until his anticipated return to the work force. The deferred balance was to be paid in January of 1989.

*Garrow,* 150 Vt. 426, 428, 553 A.2d 569, 571 (1988); *White v. White,* 141 Vt. 499, 504, 450 A.2d 1108, 1110–11 (1982). In support of his motion, plaintiff contended that he met this standard because his child support obligations varied more than 15% from the amounts recommended under the shared custody guidelines. See 15 V.S.A. § 660(b).[2] The trial court decided otherwise, concluding that plaintiff failed to make such a showing under 15 V.S.A. § 660(b) or through his presentation of evidence at the November hearing, stating that it did "not see sufficient change in circumstances that are unanticipated as of the date of the divorce."

Because the parties' stipulation, as incorporated into the divorce judgment, expressly contemplated a reconsideration of child support whenever either of them went on for higher education, we hold that the trial court was required to address the merits of plaintiff's modification petition.[3]

When the parties were divorced, the judgment provided that "[i]n the event of a change in circumstances of the parties such as relative financial condition of either party; illness of either party; or the desire by either party for higher education these child care expenses shall be adjusted to reflect the change." The judgment does not require that such a change in circumstance be unanticipated, as does § 660(a); in fact, it is clear from its wording that the parties fully anticipated that those circumstances would change, and intended to provide for an adjustment of their mutual obligations at such time.

---

[2] 15 V.S.A. § 660(b) provides that "[a] child support order, including an order in effect prior to the adoption of the support guideline, which varies more than 15 percent from the amounts required to be paid under the support guideline, shall be considered a real, substantial and unanticipated change of circumstances."

[3] At the November hearing, plaintiff failed to raise the argument that the stipulation incorporated into his divorce judgment relieved his necessity to prove a change of circumstances under 15 V.S.A. § 660(a), although his original pro se motion (heard in April of 1987) was based on that ground. While as a general practice, this Court will not address arguments raised for the first time on appeal, we conclude that this case is an appropriate one in which to depart from that principle. The complex procedural posture of the case, plaintiff's original pro se status, and the unclear nature of the November 1987 proceedings all support our conclusion that plaintiff has not waived this argument.

■ This Court has long recognized the rights of divorcing parties to enter into stipulations as to property distribution, maintenance, and child support "in the hope that whatever agreement they can reach together will be preferable to that which might be imposed by a court which is a stranger to the marriage." *White v. White*, 141 Vt. at 502, 450 A.2d at 1110. Stipulations regarding maintenance and property division which are incorporated into a divorce judgment are presumed fair, formal and binding on the parties, *Jacobs v. Jacobs*, 144 Vt. 124, 126-27, 473 A.2d 1165, 1167 (1984), although stipulations as to child support are always subject to this Court's review until the children reach the age of majority. *White*, 141 Vt. at 503, 450 A.2d at 1110.

Here, the parties freely entered into a stipulation that contemplated a change in child care expenses if either party sought a higher education. The stipulation was accepted by the trial court that granted their divorce, and it has not been challenged here. The parties—and plaintiff in particular, as the moving party in this case—have a right "'to have their agreement honored under the ordinary rules of contract.'" *Duke v. Duke*, 140 Vt. 543, 546, 442 A.2d 460, 462 (1982) (quoting *Porter v. Porter*, 137 Vt. 375, 377, 406 A.2d 398, 400 (1979)).

■ Thus, we conclude it was error for the trial court not to proceed directly to the merits of plaintiff's child support modification petition. We note, of course, that simply because the parties have agreed that certain events will constitute a change in circumstances, consideration of the merits of a modification petition and its final disposition are still within the trial court's discretion.

It appears from the record that the trial court confined its inquiries to the issue of whether plaintiff had proved a "change in circumstances."[4] The court in fact held that plaintiffs

[4] Some of the confusion in this case arises from the trial court's simultaneous consideration of the "motion for reconsideration" and the new motion for modification made orally by plaintiff at the November 1987 hearing. It is unclear from the findings of the court, made orally from the bench, what evidence supported its rulings; indeed, the record is confusing as to whether the court actually considered the two motions—which are decided on very different standards—as separate issues. Had the trial court presented more clearly its findings and conclusions, this problem would not have arisen.

"financial status, his talent, his abilities, physical financial means are substantially now as they were at the time that he was divorced." The findings do not indicate, however, that the court considered any of the evidence presented by plaintiff in the light of 15 V.S.A. § 659(a), the factors governing the merits of motions for child support modification. Because almost two years have passed since plaintiff made his last motion for modification, and because we cannot ascertain from the record whether his claim was addressed on the merits, the trial court is directed to hold a new hearing on the motion.

*Reversed and remanded for a new hearing.*