## Donna (Christopher) Bradley v. Joel D. Bradley

[575 A.2d 190]

No. 88-336

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed March 30, 1990

Motion for Reargument Denied May 8, 1990

*Donna H. Christopher (Bradley)*, pro se, Burlington, Plaintiff-Appellee.

*Blodgett, Watts & Volk*, Burlington, for Defendant-Appellant.

**Morse, J.** At issue in this appeal is the power of the court to modify the amount of child support when the parties agreed that child support would extend beyond the period set by 15 V.S.A. § 658(c) ("court may order support to be continued until the child attains the age of majority or terminates secondary education whichever is later") (formerly § 651(d)). We affirm.

The court granted the parties an uncontested divorce in 1983. A written stipulation to all terms of the divorce was incorporated in the divorce judgment, including monthly payments of

$600 to be divided equally for the support of their two children "until they reach the age of 21." The parties waived separate maintenance. In 1987, the court approved plaintiff's request to increase child support and denied defendant's request that child support cease when the children reached eighteen, holding that at eighteen, the 1983 provision on child support would govern.

The defendant agreed at the time of the divorce to be bound by a court order to pay child support after the period provided by statute. Defendant maintains, however, that plaintiff "rescinded" the agreement when she sought increased premajority child support and it was error for the court to extend support in any amount beyond eighteen. Premised on this assertion, he argues he has been deprived of the benefit of the bargain when the court raised the amount of child support until age eighteen because he had bargained for a reduced child support amount in exchange for extending child support payments beyond the statutory period until age twenty-one. In essence, defendant says plaintiff cannot have it both ways—increased support and extended support.

We agree with defendant up to a point. When parties stipulate that child support extends beyond the age of majority, a court may not ordinarily modify that agreement "upon a showing of a real, substantial and unanticipated change of circumstances." 15 V.S.A. § 660(a). But that is not what happened here. The court left intact the parties' stipulation on past-age-of-majority child support.

Defendant's argument is unavailing because there is no indication in the agreement that the parties intended the extended support to be a quid pro quo for reduced amounts of support. For all we know, defendant's concession to pay child support beyond majority was gratuitous or an exchange for some consideration other than reduced amounts of support.

Moreover, the law presupposes modification of child support regardless of the motivation of the parties in setting its original amount. *Bucholt v. Bucholt*, 152 Vt. 238, 241, 566 A.2d 409, 411 (1989) ("stipulations as to child support are always subject to . . . review until the children reach the age of majority"); *White v. White*, 141 Vt. 499, 502–03, 450 A.2d 1108, 1110 (1982) (parties may not bargain away court's authority to modify child support order).

*Affirmed.*