### Town of Bennington v. Edward R. Telford

[127 A2d 275]

October Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams and Hulburd, JJ. and Keyser, Supr. J.**

Opinion Filed November 7, 1956.

*William C. Sennett* for the defendant.

*Norton Barber* for the plaintiff.

**Jeffords, C. J.** This is an action of contract brought under V. S. 47, §7128, as amended by §1 of No. 196 of the Acts of 1953, to recover sums spent for the support of the defendant's minor children.

The plaintiff alleged in its complaint that the defendant had two children born in the plaintiff town where the defendant resided, that it was his duty to support them but that he wrongfully and wilfully neglected and refused so to do, so that they became chargeable upon the plaintiff for their support and that as a result the plaintiff became obligated by law to furnish support for them and did furnish such support.

Trial was by the court without a jury with a resulting judgment for the plaintiff to recover of the defendant the sum of $6459.95.

■ The defendant excepted to the judgment. This exception raises only the question of whether the judgment is supported by the facts found by the court. *Little* v. *Loud*, 112 Vt. 299, 304, 23 A2d 628.

■ The court found the following facts here material: 1. The defendant was born in the town of Bennington, was married and had two minor children. It is presumed in favor of the judgment that from the facts found the court inferred the defendant was at the time of his marriage and continued to be a resident of that town. *Labor* v. *Carpenter*, 102 Vt 418, 422, 148 A 867.

Finding No. 2 is as follows: "On September 4, 1940 a petition was brought by the State's Attorney of Bennington County to the Bennington Municipal Court wherein it was alleged that Patricia Ann and Barbara Jean Telford, minor children of the defendant, did not have proper parental care, had been dependent on the public for support and that their environment was such as to warrant the State in their interest in assuming their guardianship. On due notice to the defendant, the Department of Public Welfare of the State of Vermont and the town of Bennington, the Bennington Municipal Court found Patricia and Barbara Telford to be dependent and neglected children. It was thereupon ordered by the Bennington Municipal Court that Patricia and Barbara Telford be committed to the Department of Public Welfare at the joint expense of the State of Vermont and the town of Bennington. It was further ordered that the defendant Edward Richard Telford pay $10.00 each and every week to the Department of Public Welfare toward the support and maintenance of such juveniles. During the period from October 15, 1940 to May 29, 1954 inclusive the town of Bennington contributed the sum of $5899.95 by way of payment to the Department of Public Welfare and later the Department of Social Welfare of the State of Vermont, all pursuant to the order of the Bennington Municipal Court in re Patricia Telford and Barabra Telford. During the same period the Department of Public Welfare and Department of Social Welfare for the State of Vermont have expended a sum in excess of $12,000 for the support and mainte-

nance of Patricia Ann and Barbara Jean Telford, the minor daughters of the defendant."

It was also found that the defendant has received an inheritance of $8000.00; that since May 29, 1954 the town has paid to the Department of Public Welfare for the support and maintenance of his minor children over $750.00 pursuant to the order of the Bennington Municipal Court; that in July 1954 the defendant settled with the Department of Social Welfare (formerly the Department of Public Welfare) for the sum of $3000.00 all claims which the Department had against the defendant for sums expended pursuant to the municipal court order including the sums received by the Department from the state; that the defendant has made no payment to the plaintiff for the support of his minor children.

The statutes here pertinent are the following from Vt. Statutes Rev. of 1947:

Sec. 7128 as amended by No. 196 of the Acts of 1953. "Whenever the father, or the mother, if such mother is a widow or living separate from her husband, shall abscond from his or her children, or a husband from his wife, leaving such wife or children, or both, chargeable upon the town, the state or any agency of the state for relief and support, or shall neglect or refuse to support or provide for such wife or children so that such wife or children, or both, become chargeable upon the town, the state or any agency of the state for support, such town, the state or any agency of the state may recover for assistance furnished such wife or children, or both, in an action of contract on this statute against such father or husband, or against the mother, as the case may be."

Sec. 9895. "When a child is found to be dependent, neglected or delinquent within the meaning of this chapter, the court may make an order committing the child to the care of the department of social welfare, to some suitable state institution, to the care of some reputable citizen of good moral character who is willing to receive the child without charge, or to the care of some association willing to receive him, embracing in its objects the purpose of caring for or obtaining homes for dependent, neglected or delinquent children under such conditions as may be specified by order of the court."

Sec. 9896 as amended by No. 228 of the Acts of 1949, so far as here material. "When a dependent, neglected or delinquent child has been committed by a juvenile court to such department, the department may incur such expenses for the proper care and maintenance of the child as it deems necessary, which shall be paid in equal shares by the state and town in which the child is found. The expenses paid by such town may be recovered by it from the town where the father or mother of such child had a settlement as defined by section 7097. Expenses shall not be so incurred by the department unless, prior to the issue of the order of commitment by the court, a notice for hearing has been given by the court to the commissioner of social welfare and to the overseer of the poor of the town in which the child is found. Payments shall be made under the provisions of this section in accordance with regulations prescribed by such department."

Sec. 9908. "When the court finds a child neglected, dependent or delinquent, in the same or subsequent proceedings and upon the summoning or voluntary appearance of the parents of the child, it may proceed to inquire into the ability of the parents to support the child or contribute thereto. If the court finds the parents able to support the child or contribute thereto, the court may make such order or enter such judgment as shall be equitable in the premises, and may enforce the same by execution or in any way in which a court of equity may enforce its orders and decrees. The property of the parents shall not be exempt from levy and sale under such execution."

The first question to be decided is whether the plaintiff is entitled to recover from the defendant under §7128, as amended, the sums expended by it under the provisions of §9896.

The defendant's contention is, in substance, that no recovery can be had against him under §7128 as this section is included in Title 34 of the statutes, Revision of 1947, which has to do with the relief and support of poor persons while §9896 is under Title 44 which relates to the Department of Social Welfare. He says that §9896 together with §9908 does in effect

supersede §7128 and thereby defines the liability of the state, town and parent.

The plaintiff claims, in substance, that §7128 and §§9895, 9896 and 9908 are *in pari materia* and are to be construed together with reference to each other as parts of one system and that the legislative intent is to be deduced from a consideration of all of their provisions.

■■ We agree with the plaintiff. There is a finding that the children of the defendant were dependent and neglected children. All of the pertinent statutes above set forth have to do with such children and their support. They are sufficiently cognate to be *in pari materia* and are to be construed with reference to each other as parts of one system, and the legislative intent, thus ascertained, must be given effect. *In re Swanton Market Area*, 112 Vt 285, 292, 23 A2d 536; *Brace* v. *Hulett*, 109 Vt 360, 365, 196 A 742, and cases cited. It follows that since the plaintiff became chargeable for a part of the support of the minor children of the defendant under the provisions of §9896 it is reasonable to believe, and we so hold, that the Legislature intended to give the plaintiff a right of recovery for expenses incurred for such support under §7128.

The right of recovery under §9896 against a town where the father had a settlement does not here apply and is not to be taken as intended by the Legislature to provide an exclusive right of recovery on the part of a town for expenses paid under this section.

The defendant says that §§9896 and 9908 may be likened to certain sections which provide for the support of insane persons legally committed and that this Court in *Londonderry* v. *Babitt*, 54 Vt 453, in considering the statute which is now §6647 said "This statute is no part of the pauper law of the State." He maintains that by analogy §9908 is no part of our pauper law. We do not hold that the statutes appearing under Title 44 and here pertinent are a part of the so-called pauper law set forth under Title 34 but only that the pertinent statutes under the former title and §7128 are a part of one system.

The second and final question to be decided is whether as the defendant claims, his liability to contribute toward the

support of his two children is limited by the order of the municipal court made under the provisions of §9908 until changed by that court.

■ At common law a father, if of sufficient ability, is legally bound to support his minor children. *Cabot* v. *St. Johnsbury*, 94 Vt 311, 316, 111 A 454. This duty is also imposed by statute, V. S. §3180.

Under §9908 the court is required to inquire into the ability of the parents to support a neglected child or to contribute to his or her support. In the present case the court apparently found at that time the defendant did not have sufficient financial ability to furnish full support for his children but it did make an order that he contribute $10.00 weekly "toward" their support. This order we will presume was one that was considered by the court to be an equitable one at the time it was made.

■ Now the financial ability of the defendant has changed. Did the Legislature intend that an order made under §9908 would preclude a town from recovering under §7128 from a father expenses paid for his neglected child when it appears that the father has sufficient financial ability to pay all or a large part of such expenses? In our opinion it did not. The order was based on what the court found to be the then ability of the defendant to contribute toward the support of his children as required by the statute. Suppose that instead of inheriting $8000.00 the amount had been $80,000.00, it is not reasonable to believe that the Legislature intended that the father would be relieved from his common law and statutory liability to support his minor and neglected children because of the court order which required him to pay a relatively small amount toward their support. The principle involved is the same in both the present and the supposed case.

Moreover it is not reasonable to believe that the Legislature intended the plaintiff should be required to go to the municipal court seeking to have its order changed when, as we have seen, the plaintiff has an adequate and legal remedy to recover its expenses under §7128. Then too, the amount that would be sought would be beyond the jurisdiction of the munic-

ipal court for which it could render judgment so that any revised order could only look to the future, if at all.

It might be noted in respect to this question that there is some significance to be attached to the fact that the defendant settled with the Department of Social Welfare the claims which it had against him that included expenses for the care and maintenance of the children paid by the state.

*Judgment affirmed.*