## Shirley C. Randall v. Ralph F. Randall

[282 A.2d 794]

No. 169-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed October 5, 1971

*Albert T. Bolles,* Bellows Falls, for Plaintiff.

*Divoll & Buckley,* Bellows Falls, for Defendant.

**Barney, J.** The libellee, on the libellant's petition for contempt, was ordered to pay to the libellant $1290.00 forthwith, on penalty of sixty-days confinement and such further confinement as might continue until he purges himself of contempt by making the required payment. He appealed.

The original order, never altered since 1966, directed the libellee to pay to the libellant the sum of $430.00 per month as support for five minor children. This payment was made for three years. In August, 1969, the libellee reduced the monthly payments by one-fifth, or $86.00 a month. The full amount of the claimed deficiency is made up from this reduction. The facts disclose that the libellee's income is sufficient to enable him to make the required payments, and that, except for this reduction, he has regularly fulfilled his monetary obligations under the order. In addition, he has voluntarily paid some $385.00 toward clothing for the children and $365.00 in partial payment of his ex-wife's tuition at a beautician's school.

His justification for reducing the support payments is reflected in the findings. Although all of the children were still minors at the time of the hearing, one son was then self-supporting and one other son had spent some time in the United States Navy, but was now medically discharged. The findings do not reveal the length of his service, nor the period of time that the first son has been self-supporting. The findings do say that the working son was not "completely" self-supporting in August 1969.

The lower court, in determining the arrearage, for contempt purposes, made no allowance for any period of self-support on the part of any of the children. Quite clearly, the court felt that the libellee had a responsibility to petition the court for any changes in the order, and that unilateral attempts to amend the payments were unauthorized.

Circumstantial changes in the situation of either party, affecting either the necessity and amount of support, or the ability, improved or handicapped, to provide it, are properly brought to the attention of the court by a petition to modify. *Hall* v. *Hall*, 124 Vt. 410, 412, 206 A.2d 786 (1964). The statutory authority of the court to make or revise its order concerning the children of the parties continues during the minority of those children. 15 V.S.A. § 292. Thus, the authority of the court order, unmodified, on the facts of this case, continued up to the time of the hearing, and the libellee departed from it at his peril.

Under the law, the libellant then had two options with respect to recovery of lost support money. The overdue amount could be reduced to judgment under 15 V.S.A. § 760, or a petition for contempt might be brought, as was done here, under the authority of 15 V.S.A. § 602. Since the second method calls into play the disciplinary powers of the court, with its stronger sanctions, this method of enforcement is more frequently availed of.

But the tides of judicial opinion are now running against unrestricted process involving restraint of the person in civil litigation. In the wake of *Sniadach* v. *Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), any process having punitive effect prior to judgment is subject to

reexamination. Imprisonment is so drastic a remedy that its use in civil actions has already been curtailed by V.R.C.P. 4.3.

The power of courts to deal with, and punish for, contempt is now excluded from this condemnation. It will probably remain so as long as it is truly used only to punish acts and omissions of a contumacious or disorderly nature, intended to disparage, bring into disrepute or set at naught the operations and authority of a court. If it is resorted to merely as an added sanction to require the payment of money, it may take on the anachronistic aspect of imprisonment for debt, long forbidden. This problem was recently dealt with by the Supreme Judicial Court of Maine in *Yoder* v. *County of Cumberland,* 278 A.2d 379 (Me. 1971).

■■ The lesson of all this is that contempt proceedings which, at any stage, seek to resort to confinement of a party, must be kept closely under the scrutiny of the court in order that the imposition of any such penalty meet constitutional standards. It is in this particular that the adjudication of contempt involves careful exercise of the court's discretion. *La-Voice* v. *LaVoice,* 125 Vt. 236, 239, 214 A.2d 53 (1965). This is why, as that case points out, an unmodified order does not restrict the court in its consideration of the circumstances and assessment of the penalty. Even the provisions of 15 V.S.A. § 760, which do not involve possible arrest or imprisonment, authorize the court to render its judgment "for the amount due under such decree or order, or such part thereof as the court deems just . . . ." Thus, in any proceeding of this kind the court is under a duty to make its ruling in the light of its own exercise of discretion.

It is clear that the trial court felt itself bound by the unmodified order, irrespective of the mitigating circumstances of a self-supporting child. The extent of this self-supporting activity in time is not found, yet, the duty of the original order is only support of the minor children. The court specifically rejected as unpleaded an application to adjust the order to the present circumstances of the libellant. This burden on the libellant is overmatched by a harsher one on the libellee. He faces jail for failure to file a pleading. As previously noted, this is accountable only on the basis that the trial court

deemed itself bound as a matter of law, with discretionary evaluation unavailable to it.

██ The result is a judgment order that does not square with the findings. The period for which Ralph F. Randall, Jr. was self-supporting should be determined, and its effect on the obligation of the libellee appraised. If there are circumstances justifying the penalty of imprisonment, the findings should so show, bearing in mind it is to be punishment for contemptuous conduct, not merely a debt-collecting device. The court has a duty to exercise its discretion in making these determinations, and to fail to do so is error. *Travers & Thomas* v. *Rupe,* 116 Vt. 314, 315, 75 A.2d 692 (1950).

*Judgment set aside, and cause remanded.*