# Raymond A. Beaudry v. Theresa J. Beaudry

[312 A.2d 920]

No. 100-73

Present: **Barney, Smith, Keyser and Daley, JJ.**

Opinion Filed December 4, 1973

*Rexford, Kilmartin & Chimileski,* Newport, for Plaintiff.

*Joseph C. Palmisano, Esq.,* Barre, for Defendant.

**Keyser, J.** The plaintiff brought a divorce action for an absolute divorce subsequent to a divorce from bed and board obtained by the defendant (then plaintiff) in 1959. At that time the court decreed the care and custody of the three minor children of said parties to the defendant and ordered the payment of $35.00 per week "for the support of the libellant and for the education and maintenance of the minor children of the parties . . . until further order of court."

In plaintiff's action now before us, the care and custody of the children was not at issue. However, plaintiff requested that the support provisions of the 1959 order be modified to provide payment of $12.00 per week, per child, until the child "reaches the age of majority, is emancipated, is self-supporting, enters into marriage, or dies, whichever event occurs the earliest." The defendant filed a motion for amendment in which she requested that the plaintiff be ordered to pay $100.00 per week for the support of the children as long as they were minors or were attending school, including colleges, universities or other institutions of higher learning. She also requested that the plaintiff be ordered to pay tuition costs for any of the children who elected to attend schools of higher learning.

The court granted an absolute divorce to the plaintiff and ordered the plaintiff to pay to the defendant:

> on account of support of said minor children the sum of $35.00 per week ... to continue weekly thereafter until such time as said minor children reach the age of 18 years or are sooner emancipated, or in the event that any of said children shall continue beyond the secondary school level with their education, whether it be at a college, university or other institution of higher learning, the plaintiff is ordered to continue to make a contribution of $12.00 per week for each child that is attending such advanced education, said payment to continue until said child ceases said education.

The plaintiff disagreed with that portion of the decree which ordered a contribution for the education of each child after the child had reached the age of majority and filed a motion to amend the decree accordingly. The trial court reversed its position and entered an amended decretal order which provided in part—"The plaintiff is ordered to pay to the defendant on account of support of said minor children the sum of $35.00 per week, first payment to be made March 15, 1973, and to continue weekly thereafter until such time as said minor children reach the age of 18 years or are sooner emancipated." The defendant appealed from this decision of the court.

The sole issue presented for resolution by the appellant is whether the county court in a divorce action has the authority to order a father to make support payments towards his child's college education, vocational education, or any higher education after that child reaches the age of 18 years.

At common law, the duty of a father to support his children existed during their minority and terminated with it. *Town of Cabot* v. *Town of St. Johnsbury*, 94 Vt. 311, 316, 111 A. 454 (1920); *Town of Bennington* v. *Telford*, 119 Vt. 397, 403, 127 A.2d 275 (1956); See Annot., 162 A.L.R. 1084 (1946). Only where a child was an invalid, of weak mind, or otherwise incapable of self-support did a father's duty extend beyond the child's minority. *Rowell* v. *Town of Vershire*, 62 Vt. 405, 19 A. 990 (1890).

■ ■ The statutes pertinent to this appeal, 15 V.S.A. §§ 291–294, 15 V.S.A. §§ 751–761, and 15 V.S.A. § 556, are consistent with the common law. Most of these statutes expressly limit the meaning of the word "child" by the use of the word "minor." See 15 V.S.A. §§ 291–294, 15 V.S.A. §§ 756, 760, 15 V.S.A. § 556. All of them are concerned with the disposition of property and the care, custody, and maintenance of children of divorced parties. They are sufficiently cognate to be *in pari materia* and are to be construed with reference to each other as parts of one system, and the legislative intent, thus ascertained, must be given effect. *Town of Bennington* v. *Telford, supra; In re Swanton Market Area,* 112 Vt. 285, 23 A.2d 536 (1941). It is apparent that the legislature intended to limit the court's jurisdiction over the children of divorced parties to the period of their minority.

The judicial authority specifically involved here is derived from 15 V.S.A. § 292, which reads as follows:

> When a marriage is annulled or a divorce granted and at any time thereafter, upon petition of either of the parents, the court may make such other or further decree as it deems expedient concerning the care, custody and maintenance of the minor children of the parties and on the petition of either of the parents, may annul, vary, or modify such order.

The statute is consistent with legislative policy. It has been interpreted by this Court in *Randall* v. *Randall,* 129 Vt. 432, 282 A.2d 794 (1971), to limit judicial authority in making or revising orders concerning the children of divorced parties to the period of minority of those children. *Randall, supra,* 129 Vt. at 434. While the discretion granted the court in arriving at property settlements and support orders is large, *Braine* v. *Braine,* 127 Vt. 211, 213, 243 A.2d 797 (1968), it does not extend to the creation of obligations regarding the children of the parties other than provision for their care, custody and maintenance during minority.

■ At common law minors attained their majority at the age of twenty-one years, *State* v. *Taylor,* 153 Conn. 72, 214 A.2d 363 (1965), *cert. denied* 384 U.S. 921, 16 L.Ed.2d 442, 86 S.Ct. 1372 (1966). The term "minor", however, does not

necessarily imply any particular age limit. At most, the term embraces any person who has not yet arrived at the age of majority prescribed by law, for minority is a status created by law and is subject to statutory limitation and exception. *Rafus* v. *Daley,* 103 Vt. 426, 154 A. 695 (1931); 42 Am.Jur.2d *Infants* § 1. The age of majority in Vermont is presently controlled by 1 V.S.A. § 173:

> Persons of the age of eighteen years shall be considered of age and until they attain that age, shall be minors. Whenever referred to in the laws of this state, a person who is an adult or who has attained majority shall be a resident or nonresident person of eighteen years of age or more.

At the time that the defendant obtained her divorce from bed and board, the age of majority was twenty-one years. The decretal order directed that the plaintiff pay $35.00 per week "for the education and maintenance of the minor children of the parties. . . until further order of this Court." The defendant contends that the plaintiff's duty to support his minor children is controlled by the decretal order of 1959 and the previous age of majority, and not by the present terms of 1 V.S.A. § 173.

In this state a divorce decree for alimony or other annual allowance for the wife or children is not a final judgment, *Miller* v. *Miller,* 123 Vt. 221, 224, 186 A.2d 93 (1962). After the entry of the original decree, the Court has the power under 15 V.S.A. § 292 to make, modify or revise its orders concerning the custody and support of minor children. Circumstantial changes in the situation of either party, affecting either the necessity and amount of support or the ability, improved or handicapped to provide it, may be properly brought to the attention of the court by a petition to modify at any time during the minority of the children. *Hall* v. *Hall,* 124 Vt. 410, 412, 206 A.2d 786 (1964); *Randall* v. *Randall,* 129 Vt. 432, 434, 282 A.2d 794 (1971). Judgments as to the support and maintenance of minor children are necessarily provisional and temporary. *Miller* v. *Miller, supra,* 123 Vt. at 224; in no sense are they a final adjudication of the rights and duties of parent

and child. No rights, therefore, vested by virtue of the 1959 order and no rights were divested by virtue of the 1973 order.

Nor does the statute fixing the period of minority at the time of the entry of the original decree operate to vest any rights. Minority is a status subject to change by legislative enactment. *Rafus* v. *Daley, supra.* It is also a status defined by legislative enactment. The status of the Beaudry children is defined not by the decretal order of 1959, but by the terms of 1 V.S.A. § 173. They will attain their majority at the age of eighteen, and the court is without proper power to order provision for their support, including education, beyond that age.

*Judgment affirmed.*