**Minnie MICHAEL, Chris Berezkin, Chris Jacobs, Robert Maxie Jacobs, Helen Lott, Fred Abraham, Donna Fisher, Carl R. Anaver, Roy Ricky Mathlaw, Petitioners,**

v.

**STATE of Alaska, Respondent.**

**No. 3881.**

Supreme Court of Alaska.

Sept. 8, 1978.

James Plasman, Asst. Public Defender, Bethel and Brian C. Shortell, Public Defender, Anchorage, for petitioners.

Victor C. Krumm, Dist. Atty., Bethel, Avrum M. Gross, Atty. Gen., Juneau, and Norman A. Cohen, Legal Intern, for respondent.

OPINION

Before BOOCHEVER, C. J., and RABI-NOWITZ, CONNOR and BURKE, JJ., and DIMOND, J. Pro Tem.

---

PER CURIAM.

Petitioners were charged in the district court with violating the provisions of 15 AAC 20.100(b). This regulation prohibits any person under the age of 19 years from knowingly consuming alcoholic beverages.[1] Subsequently, the district court filed a "Notice of Intention to Dismiss" each of the subject complaints.[2]

The basis of the district court's ruling was that 15 AAC 20.100(b) had been superseded and, by implication, repealed by the 1977 amendment to AS 25.20.010 which lowered the age of majority from 19 to 18 years. AS 25.20.010, as amended, now reads:

A person is considered to have arrived at majority at the age of 18 years, and thereafter has control of his own actions and business and has all the rights and is subject to all the liabilities of citizens of full age, except as otherwise provided by statute.

The district court reasoned that 15 AAC 20.100(b) is not consistent with the lowering of the age of majority prescribed by AS 25.20.010, and that if the rights and actions of 18-year-old persons are to be curtailed, a statute is required. The district court then explicitly ruled that "unless prohibited by statute, it is no longer a criminal offense for an 18 year old to knowingly consume alcoholic beverages as alleged in the complaints. . . . The Administrative Regulation prohibiting possession or consumption by persons under the age of 19 has been repealed by implication as to 18 year olds by the recent amendment of AS 25.20.-010."

The state then petitioned the superior court for review of the district court's ruling. Review was granted, and the superior court reversed the district court's decision and remanded the matter for further proceedings. Finding no evidence of legislative intent to reduce the legal drinking age by virtue of the lowering of the age of majority provided for in AS 25.20.010, the superior court concluded that there is no "irreconcilable conflict" between the administrative regulation and the statute.[3] Additionally, the superior court differed with the district court's reasoning as it pertained to that portion of AS 25.20.010 which reads "except as otherwise provided by statute." In the superior court's view, "[t]he administrative regulation proscribing alcohol consumption by 19 year olds was promulgated under the statutory authority of AS 04.05.-030(e)."[4]

We affirm the decision of the superior court. In short, we hold that since 15 AAC

---

1. 15 AAC 20.100(b) reads in full:

   Any person under the age of 19 years is prohibited from knowingly consuming alcoholic beverages except as provided for under AS 04.15.080. However, this provision in no way exonerates parents, guardians or spouses from prosecution for contributing to the delinquency of a minor when such delinquency arises in part or full from their giving of alcoholic beverages to any said minor.

2. This notice was entered by Superior Court Judge Christopher R. Cooke sitting as a district court judge. In this notice, Judge Cooke provided, in part:

   [T]he complaints filed in these cases will be dismissed thirty (30) days from the date of entry of this Order unless a Petition for Review has been filed with the Superior Court challenging this Order. In that event, the Order to Dismiss will be held in abeyance pending completion of the review proceedings.

3. In *Peter v. State*, 531 P.2d 1263, 1268 (Alaska 1975), we said, in part:

   We are persuaded that in endeavoring to ascertain the legislative intent, we should not commence with a presumption against implied repeal. We shall look to the purpose indicated by the legislature in passage of an act in our effort to determine whether the new enactment is intended to repeal a prior one. If enforcement of the prior statute is in irreconcilable conflict with such purpose, it will be held to have been impliedly repealed.

4. AS 04.05.030(e) provides that the Alcoholic Beverage Control Board "may promulgate necessary rules and regulations to effectuate the purpose of this title. These rules and regulations shall have the effect of law."

   Subsection (a) of AS 04.05.030 states:

   The board may control the manufacture, barter, sale and possession of intoxicating liquors in the state, and may adopt necessary rules and regulations to assure the proper administration of state liquor regulations in a manner that will protect the public health, safety and welfare.

20.100 is authorized by AS 04.05.030(e) the regulation comes within the "except as otherwise provided by statute" exception to AS 25.20.010.[5]

The judgment of the superior court reversing the district court is Affirmed.

---

5. We decline to address any other legal issues asserted in petitioners' brief since these additional issues were not raised below.