OPINION OF THE COURT
Judith Sheindlin, J.
The parents of an accused juvenile delinquent are liable for attorneys’ fees incurred on behalf of the juvenile.
Juveniles accused of crimes in Family Court are entitled to “the essentials of due process and fair treatment” afforded adults facing charges in the criminal justice system. (Matter of Gault, 387 US 1, 30; Family Ct Act, § 301.1.) The requisite constitutional and statutory scheme includes, as one of its most fundamental components, the right to legal representation in juvenile delinquency proceedings (see Gault, supra) with such representation to be provided by the State where the respondent is indigent. (See Gideon v Wainwright, 372 US 335; Family Ct Act, § 249; County Law, art 18-B, § 722.)
The financial resources of the public are not, however, without limit. To permit the depletion of available funds by those who are able to pay will cause hardship to those legitimately entitled to free counsel and to the public who ultimately must bear the cost. Each year the increased financial needs of the court system become more difficult to meet as public institutions are confronted by a sagging economy that has forced substantial cuts in the budgets of *974 the courts and related programs. (See New York Times, March 19, 1983, p 1, col 1.)
The courts have a responsibility to ensure that funds slated for the appointment of counsel for indigent litigants are appropriately utilized. This view is reflected by the statutory design of section 722-d of article 18-B of the County Law which provides: “Whenever it appears that the defendant is financially able to obtain counsel or to make partial payment for the representation or other services, counsel may report this fact to the court and the court may terminate the assignment of counsel or authorize payment, as the interests of justice may dictate, to the .public defender, private legal aid bureau or society, private attorney, or otherwise.” Thus, once the determination has been made that a defendant for whom counsel has been provided is, in fact, possessed of sufficient means to bear the costs, or a portion of the costs, the court is vested with the statutory authority to order appropriate payment. (See People v Bell, 119 Misc 2d 274.)
The issue that remains before the court in this case, and a host of similar cases, is whether the parents of a juvenile respondent in a delinquency proceeding are legally, and therefore financially, responsible for providing their child with legal representation, and thus subject to the payment provisions of section 722-d of article 18-B of the County Law.
In this regard, it is clear that the mere unwillingness of a parent to provide for the services of an attorney cannot be deemed as a waiver of counsel by the juvenile respondent where the Family Court Act so severely limits the circumstances where a respondent may waive counsel. (See Family Ct Act, § 249-a; Matter of Schaefer, 97 Misc 2d 487 [where the court found that the consent to a custodial interrogation by a juvenile’s parents could not legally constitute a waiver of counsel by the juvenile].) Thus, even in the absence of parental co-operation, the court remains bound by statutory and constitutional strictures to appoint a Law Guardian at State expense. (See Family Ct Act, § 249.)
Although the court is, by virtue of the foregoing, obligated to provide legal representation for a juvenile respon *975 dent, the court finds that those parents who are possessed of sufficient means are not concomitantly relieved of the duty to pay for this service but are subject to the provisions of section 722-d of article 18-B of the County Law. This obligation flows from the parental duty of child support which encompasses the payment of legal fees where those fees are “necessaries” and, as such, comes within the parameters of section 413 of the Family Court Act. (See Matthews v Matthews, 30 Misc 2d 681, mod 18 AD2d 830, affd 14 NY2d 778.)
In the case at bar, this court found that the parent of the juvenile respondent, an accountant by profession, was financially capable of securing counsel for his daughter. He chose not to do so and was informed by the court that he would therefore be held liable for the reasonable fee submitted by the appointed counsel.
On the basis of the foregoing, the respondent’s father is hereby directed to pay $268.75 to the State for legal services provided to his daughter in the instant delinquency proceeding. The amount of the fee submitted by counsel has been reviewed by the court and is found to be entirely reasonable for the services provided.
A copy of this decision shall be served upon the Attorney-General of the State of New York, the Commissioner of Finance of the City of New York, and the Corporation Counsel of the City of New York for appropriate action.