Raymond S. Sant, Esq. County Attorney, Cayuga
This is in response to your request for an Attorney General's opinion as to a county's authority to obtain reimbursement for the expense of assigned counsel pursuant to article 18-B of the County Law.
Your initial question concerns the situation where an indigent defendant is represented by an attorney appointed pursuant to article 18-B of the County Law, is found guilty, and is sentenced to perform community service pursuant to an alternative sentence program. You have asked whether the court may impose additional community service time to benefit the county as partial or total recoupment to the county for the cost of the assigned attorney.
In 1965, in response to the Supreme Court decision in Gideon vWainwright (372 U.S. 335 [1963]), New York enacted article 18-B of the County Law as a statutory scheme for legal representation of indigent criminal defendants, to accompany plans for provision of services by a public defender and the Legal Aid Society (County Law, §§ 722, etseq.; Matter of Patricia R. v Peter W., 126 Misc.2d 87 [1984]).
Under this law, attorneys who are assigned to represent indigent criminal defendants are entitled to compensation from the county for their time and expenses:
 "All expenses for providing counsel and services other than counsel hereunder shall be a county charge or in the case of a county wholly located within a city[,] a city charge to be paid out of an appropriation for such purpose" (County Law, § 722-e). The total amount of compensation is determined by the court in which the case or appeal is heard (County Law, § 722-b).*
In a 1985 opinion, we concluded that a county had no authority to require an indigent person who had been afforded representation pursuant to article 18-B to reimburse the county in the event that he acquired the means to bear the cost of his defense (1985 Op Atty Gen [Inf] 174). This was based on our finding that the Legislature had provided that the cost of article 18-B representation was to be a "county charge", and was not delegable to the defendants (ibid.; see County Law, § 722-e; Matterof Patricia R. v Peter W., 126 Misc.2d 87, 89 [Family Ct, N Y Co, 1984]).
There being no authority for the county to recoup directly the expense of article 18-B representation, we believe it follows that there is no authority for the recoupment to be made indirectly pursuant to a second, separate sentence of community service. We note, however, that there is no reason why the court, in imposing the primary sentence cannot make the community service some activity which benefits the county.
You have also asked whether the county, when determining the eligibility for article 18-B representation of defendants under the age of 21, may take into account the assets of the defendant's parents. You have also asked whether the cost of the representation can be recovered from the parents in the situation where the parents have sufficient assets to render them, and their child under age 21, ineligible for article 18-B representation.
Under the Family Court Act, the parents of a child are responsible — and chargeable — for the support of an unemancipated child up until the age of 21 (Family Court Act, §§ 413, 416; see also, General Obligations Law, § 3-112). Parents are not responsible for the support of children under the age of 21 who have become emancipated (ibid.; Matter of Parker v Stage, 43 N.Y.2d 129 [1977]; Matter of Knoll vKilcher, 100 A.D.2d 686 [3d Dept, 1984]). Support has been held to include all reasonable and necessary expenses, including legal fees (Matter of Cheri H., 121 Misc.2d 973 [Fam Ct, Bronx Co, 1983]; see also,Fanelli v Barclay, 100 Misc.2d 471 [Dist Ct, 2d Cir, Madison Co, 1979]).
In Matter of Cheri H., the Court found that the parents of an accused juvenile delinquent are liable for attorneys' fees incurred by the county on behalf of the juvenile (121 Misc.2d at 973). It was further found that when the parents are unwilling to pay for the costs of legal representation, the Court must appoint a law guardian (Cheri H., supra,121 Misc.2d at 974; Family Court Act, § 249). The Court concluded, however, that the county was entitled to recoup this expense from the parents:
 "Although the court is, by virtue of the foregoing, obligated to provide legal representation for a juvenile respondent, the court finds that those parents who are possessed of sufficient means are not concomitantly relieved of the duty to pay for this service but are subject to the provisions of section 722-d of article 18-B of the County Law. This obligation flows from the parental duty of child support which encompasses the payment of legal fees where those fees are `necessaries' and, as such, comes within the parameters of section 413 of the Family Court Act. (See Matthews v Matthews, 30 Misc 2d 681, mod 18 A.D.2d 830, affd 14 N.Y.2d 778.)" Matter of Cheri H., 121 Misc.2d at 974-975.
Inasmuch as it is the parents of an unemancipated child under age 21 who are responsible for the child's necessary legal expenses, the parents are the true party whose financial ability to obtain counsel is at issue.
Accordingly, it is appropriate for the county to inquire into the parents' assets in order to determine an application for article 18-B representation for an unemancipated child under age 21 (see generally,Matter of Legal Aid Soc. of Nassau Co. v Samenga, 39 A.D.2d 912, 913 [2d Dept, 1972]; People v Bell, 119 Misc.2d 274, 275 [Sup Ct, Queens Co, 1983]; People v Wheat, 80 Misc.2d 844 [Co Ct, Suffolk Co, 1975]). If at any time during the action the parents of an unemancipated child under age 21 appear to be financially able to pay for their child's legal defense, the county may recover its costs for legal defense in accordance with County Law, § 722-d.
* At present, attorneys are compensated at the rate of forty dollars per hour spent in court or before a magistrate, and twenty-five dollars per hour for time reasonably expended out of court. The statute also sets forth maximum total amounts of compensation for various services performed (County Law, § 722-b).