603 A.2d 368 (1991)
In re J.B., Juvenile.
No. 120-11-91FJv.
Supreme Court of Vermont.
December 30, 1991.
Before Dooley, J.

ENTRY ORDER
Appellant is an eleven-year-old boy charged with sexual assault. He was denied court-appointed counsel for his juvenile delinquency proceeding in Franklin Family Court because his parents' income exceeds the amount set in guidelines for appointed counsel under Supreme Court Administrative Order No. 4. His parents have not provided counsel for him, and he appeals the denial of appointed counsel by the court. I conclude that the court cannot deny the juvenile the protection of court-appointed counsel because those responsible for his support have the ability to provide counsel, when they are unwilling to do so voluntarily. The State may, however, seek reimbursement from the parents, to the extent they are able to pay, for the costs of providing counsel in the proceeding.
A juvenile in a delinquency proceeding must be accorded rights that ensure "`the essentials of due process and fair treatment.'" In re Gault, 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527 *369 (1967) (quoting Kent v. United States, 383 U.S. 541, 562, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966)). No less than in the context of adult criminal proceedings, "[t]he child `requires the guiding hand of counsel at every step in the proceedings against him.'" Id. at 36, 87 S.Ct. at 1448. (quoting Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932)). Thus, a delinquency proceeding cannot continue against a juvenile who, if indigent, is not afforded counsel by the state and has not properly waived the right to counsel. The provision of counsel may not be made contingent on the inability to pay attorney's fees of persons other than the juvenile, because their unwillingness to provide counsel could delay the proceeding while a court sought to enforce a support order, and raise constitutional questions regarding a juvenile's right to fair and timely proceedings. See Opinion of the Justices, 121 N.H. 531, 535, 431 A.2d 144, 147 (1981). In the absence of a valid waiver, the delinquency proceeding may not be brought against the juvenile without independent means to obtain counsel, unless appointed counsel is provided. In re Cheri H., 121 Misc.2d 973, 974, 469 N.Y.S.2d 551, 552 (Fam.Ct.1983).
The juvenile's parents, however, may be held accountable by the state for funds expended in order to provide legal representation to their son in the delinquency proceeding. Parents have a duty to provide support, when they are able, for their minor children. Town of Bennington v. Telford, 119 Vt. 397, 403, 127 A.2d 275, 278 (1956). Although we have not previously decided the question, there is ample authority from other jurisdictions for the proposition that legal fees expended to protect the interests of minor children are among the necessities for which parents may be liable. See In re H., 2 Cal.3d 513, 521, 468 P.2d 204, 208, 86 Cal.Rptr. 76, 80 (1970); Paine v. Paine, 267 A.2d 356, 358 (D.C.1970); Opinion of the Justices, 121 N.H. at 536, 431 A.2d at 148; In re Cheri H., 121 Misc.2d at ___, 469 N.Y.S.2d at 553; Noyes v. Jack, 443 S.W.2d 89, 93 (Tex.Civ.App.1969).
For the above reasons, I reverse the court's decision denying counsel.