Peter ALLAM, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3787.

Court of Appeals of Alaska.

April 10, 1992.

**436**

David R. Weber, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Leroy K. Latta, Jr., Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., MANNHEIMER J., and ANDREWS, Superior Court Judge.*

OPINION

MANNHEIMER, Judge.

Peter Allam pleaded no contest to a charge of sixth-degree misconduct involving a controlled substance under former AS 11.71.060(a)(3) and AS 11.71.190(b)— possession of marijuana by a person under the age of 19. When he entered his plea, Allam preserved the right to challenge the constitutionality of this statute on appeal. *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974).

On May 15, 1990, Allam was 18 years old and a senior at Dimond High School in Anchorage. He and the rest of his high school class were at Kincaid Park, participating in "Senior Fun Day", a school-sponsored event. Allam and three other boys, one of whom was also 18 years old and two of whom were under 18 years of age, left the main group of students and went off by themselves to an area several hundred yards away. A school official found the four of them rolling marijuana cigarettes. The boys were taken back to the high school, where school officials called the police. Allam and the other 18-year-old were arrested.

■ Allam asserts that, under former AS 11.71.060(a), he and all other 18-year-olds were denied the equal protection of the law. He contends that the legislature unreasonably put 18-year-olds in a class by themselves: a person older than 18 who possessed up to four ounces of marijuana committed no crime, an 18-year-old like Allam who possessed the same amount of marijuana would be criminally prosecuted, while persons 17 years old or younger who possessed marijuana would be dealt with under the juvenile justice system. AS 47.-10.010(a)(1). We reject Allam's attack on the statute and affirm his conviction.

The Alaska Supreme Court has recognized that the legislature may restrict minors' freedom in ways that would be unconstitutional if applied to adults. In *Hanby v. State*, 479 P.2d 486, 498 (Alaska 1970), the court upheld a criminal statute that prohibited the distribution or showing of certain sexually oriented material to minors, even though the material did not qualify as "obscene" and thus could not be banned for the general population. Similarly, in *Anderson v. State*, 562 P.2d 351, 358–59 (Alaska 1977), the court upheld criminal prohibitions on consensual sexual activity with minors. Lastly, in *Ravin v. State*, 537 P.2d 494, 511 & n. 69 (Alaska 1977), when the court declared that the Alaska Constitution protected marijuana possession and use in the privacy of one's home, the court emphasized that this rule did not apply to minors.

The most explicit statement of the legislative authority over minors is contained in *L.A.M. v. State*, 547 P.2d 827 (Alaska 1976), where the Alaska Supreme Court rejected a minor's claim that it was unconstitutional

* Sitting by assignment of the chief justice made pursuant to Article IV, Section 16 of the Alaska Constitution.

for the legislature to declare her a "delinquent minor" or a "child in need of supervision" (and thus subject to the coercive power of the state) when she ran away from her home and from foster placement. Against L.A.M.'s claim that the constitution gave her the right to do as she wished so long as she did not hurt anyone, the court held that parents and the State itself have legitimate interests in protecting minors by preventing them from engaging in activities for which they are physically, intellectually, or emotionally unprepared. *L.A.M.*, 547 P.2d at 832–34 (court's opinion) and 836 n. 1 (Boochever, J., concurring).

Allam concedes that he has no fundamental or protected right to smoke or possess marijuana. He argues, however, that if the legislature allows people 19 years of age or older to engage in these activities then the equal protection clauses of the federal and state constitutions (United States Constitution, Fourteenth Amendment, Section 1; Alaska Constitution, Article I, Section 1) require the legislature to extend the same freedom of action to 18–year–olds.

Allam's underlying premise is that, because he had achieved the age of 18, he was an adult and the legislature should have treated him like other adults (that is, allowed him to possess marijuana). Allam argues in the alternative that, if he was to be treated as a minor, then the proceedings against him should have taken place in juvenile court under AS 47.10. However, Allam's arguments are premised upon his misapprehension of the concepts of "majority" (legal adulthood) and "minority".

■ Minority is not a natural condition that is shed like a cocoon by the child on his or her eighteenth birthday. A person remains a minor until he or she attains the "age of majority", the law's dividing line between adults and minors. This line is drawn by the legislature. The Supreme Court of Vermont succinctly explained this concept in *Beaudry v. Beaudry*, 132 Vt. 53, 312 A.2d 922, 925 (1973): "The term 'minor' ... does not imply any particular age limit.... [T]he term [simply] embraces the person who has not yet arrived at the age of majority prescribed by law, for minority is a status created by law and is subject to statutory limitation and exception."

One hundred years ago, Alaska law echoed the common-law rule that a person became an adult for all legal purposes when he or she reached 21 years of age. Thomas H. Carter, *Laws of Alaska* (1900), Part V, chapter 5, § 34. The age of majority remained set at 21 years until Alaska's statehood. See § 460 CLA (1913); § 1161 CLA (1933); § 20–1–1 ACLA (1949).

■ In 1959, Alaska's first state legislature changed the age of majority to 19 years. Ch. 37, § 1, SLA 1959. In 1977, the legislature again changed the age of majority, lowering it to 18 years. Ch. 63, § 5, SLA 1977. The statute which declares the age of majority for general purposes, AS 25.20.010, currently reads:

> A person is considered to have arrived at majority at the age of 18, and thereafter has control of the person's own actions and business and has all the rights and is subject to all the liabilities of citizens of full age, except as otherwise provided by statute.

By including the phrase "except as otherwise provided by statute", the legislature authorized itself to enact various different ages of majority to govern specific situations or activities.

Sometimes, the legislature has decreed a lower age of majority. For example, upon attaining the age of 16, a person can possess a firearm without the consent of his or her parent or guardian. AS 11.61.220(a)(3). A 16– or 17–year–old who marries is considered to have arrived at the age of majority. AS 25.20.020 and AS 25.05.171(a). In most situations, a person may lawfully consent to sexual conduct once he or she has attained the age of 16 years. AS 11.41.-434(a) and AS 11.41.436(a). (The legislature has set a higher age of consent, 18 years, if the child's sexual partner is someone who has certain types of legal authority over the child. AS 11.41.410(a)(3)(B); AS 11.41.420(a)(2)(B); AS 11.41.434(a)(2); and AS 11.41.436(a)(3).)

Sometimes, the legislature has raised the age of majority. Generally, a person must be 19 years old to be adopted without parental consent. AS 25.23.050(a)(7). A person must be 19 years old to use or possess tobacco. AS 11.76.105. And a person must be 21 years old to use or possess alcohol. AS 4.16.050.

The legislature has also provided that a 16- or 17-year-old can petition the superior court for removal of most of the disabilities of minority. AS 9.55.590. The superior court can make a 16- or 17-year-old minor an "adult" in the eyes of the law for any specified purpose, or for all purposes—the only exceptions being voting and alcohol consumption. AS 9.55.090(f) & (g).

■ Statutes like these, and the social policy decisions that underlie them, are within the province of the legislature. There is no legal requirement that the same age of majority apply to all activities and circumstances. For example, the Alaska Supreme Court held that, even after the legislature had lowered the general age of majority from 19 years to 18 years, 18-year-olds could still be prohibited from possessing or consuming alcoholic beverages; such a law or regulation does not run afoul of the general age of majority specified in AS 25.20.010 because it falls within the "except as otherwise provided by statute" language of that statute. *See Michael v. State*, 583 P.2d 852 (Alaska 1978).

Former AS 11.71.060(a)(3) established 19 years as the age of majority for the purpose of regulating the possession of marijuana. This statute was passed in 1982, when the general age of majority was 18 years. Nevertheless, the legislative history of former AS 11.71.060 demonstrates that, for purposes of possessing and using marijuana, the legislature intended to set the age of majority at 19 years. The sectional analysis adopted by the legislature states that "the prohibition in paragraph 3 [of AS 11.71.060(a)] codifies a holding implicit in *Ravin v. State*, [537 P.2d 494, 511 & n. 69 (Alaska 1977)], that the protection afforded to adults in possessing small amounts of marijuana in the home for personal use does not apply to minors." 1982 House Journal, Supplement No. 4 (January 22) at 23.

The legislature's sectional analysis of Title 4 provides further evidence of the legislature's intent to make 19 years the age of majority for purposes of regulating alcohol and controlled substances. The House Journal's analysis of AS 11.71.010 (the statute prohibiting delivery of a scheduled IA controlled substance to a person under nineteen who is at least three years younger than the defendant) explains that "the cut-off age of nineteen has been selected in order to be consistent with laws involving alcohol in Title 04." *Id.* at 12. In the sectional analysis of AS 04.16.050 (the statute prohibiting possession or consumption of alcohol by persons under the age of nineteen), the statute is described as a prohibition on "minors consuming". 1980 Senate Journal, Supplement No. 23 (April 1) at 16. In the analyses of other sections of Title 4, the legislature repeatedly refers to persons under the age of nineteen as "minors". *Id.* at 16–17.

Thus, while the Alaska legislature has, since 1977, been willing to recognize 18-year-olds as legal adults in most respects, the legislature has consistently affirmed its view that, for purposes of alcohol and drug use, the age of majority should be set higher.

■ To satisfy the requirement of substantive due process, legislation must be rationally related to a valid legislative purpose. *State v. Enserch Alaska Construction, Inc.*, 787 P.2d 624, 632 n. 12 (Alaska 1989); *Concerned Citizens of South Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447, 452 (Alaska 1974). The Alaska Supreme Court has repeatedly recognized the protection of minors as a valid legislative purpose. *Anderson v. State*, 562 P.2d 351; *Ravin v. State*, 537 P.2d 494; *L.A.M. v. State*, 547 P.2d 827; and *Hanby v. State*, 479 P.2d 486. Within our system of government, subject to constitutional limitations, it is the legislature's prerogative to restrict or forbid the use of dangerous intoxicants and, if a restriction is based on age, to establish the age at which persons can presumably be trusted to handle

those intoxicants in a mature and socially acceptable manner. Former AS 11.71.-060(a)(3) set the age for marijuana use at 19 years. We conclude that this choice was rational.

Allam concedes that the legislature's current decision to establish the drinking age at 21 years is supported by "years of scientific study and years of conscious legislative debate". If a drinking age of either 19 years (Alaska law until 1983) or 21 years (current Alaska law) is constitutional, then we have no difficulty concluding that reasonable people could also conclude that 19 years should be the minimum age for using marijuana, another intoxicant.

The facts of Allam's particular case demonstrate another rationale for establishing the age of marijuana use at 19 years. Allam and another 18–year–old were found sharing marijuana with two other high school students who were under the age of 18 years. Like Allam, many 18–year–olds attend high school and regularly associate with students under the age of 18 years. Establishment of a minimum age of 19 years for marijuana use is justified by the danger that, if 18–year–olds were allowed to possess and use marijuana, they would share the drug with other younger students or would at least frequently expose those younger students to drug use.

Allam's arguments against setting the minimum age at 19 years constitute nothing more than pleas for this court to enforce a numerical consistency upon the legislature. As discussed earlier in this opinion, the legislature is not required to set the same age of majority for all purposes. Considering the individual and social dangers posed by the use of intoxicants, it was reasonable for the legislature to conclude that the general age of majority should not apply to marijuana use—that people should have more intellectual and emotional maturity before they engage in this activity.

We now turn to Allam's contention that the legislature denied him equal protection of the law when it set 19 years as the minimum age for marijuana use.

■ Allam concedes that he has no fundamental right to use or possess marijua-

na. Under federal equal protection law, when neither a fundamental right nor a suspect or quasi-suspect classification is involved, a statute will satisfy the requirement of equal protection if it is rationally related to furthering a legitimate state interest. Under this test, a statute will not be invalidated unless its "varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that ... the legislature's actions were irrational." *Vance v. Bradley*, 440 U.S. 93, 97, 99 S.Ct. 939, 942–43, 59 L.Ed.2d 171 (1979).

■ This test is essentially the same as Alaska's substantive due process test. *See State v. Enserch Alaska Construction, Inc.*, 787 P.2d 624; *Concerned Citizens of South Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447. Having found that former AS 11.71.060(a)(3) satisfied the demands of substantive due process, we likewise conclude that it satisfied the federal equal protection clause.

The final question is whether former AS 11.71.060(a)(3) violated the Alaska Constitution's equal protection guarantee. In *State v. Enserch Alaska Construction, Inc.*, 787 P.2d at 631–32, the Alaska Supreme Court reviewed the steps of analysis an appellate court must undertake to decide a challenge to a statute under Alaska equal protection law.

■ This court must first identify the individual interest impaired by the statute and evaluate its importance; we then identify the social purposes underlying the statute and evaluate their importance. The level of justification required for the statute rises in proportion to the importance of the individual interest it affects. Depending upon the importance of that individual interest, the government's interest in enacting the statute must fall somewhere on a continuum between "mere legitimacy" to a "compelling interest". *Enserch Alaska Construction*, 787 P.2d at 631.

Second, if the government's interest in enacting the statute is sufficiently strong, this court must examine the connection between the social policies underlying the

statute and the means adopted in the statute to further those policies. Again, depending upon the importance of the individual interest affected, this nexus between ends and means must fall somewhere on a continuum between "substantial relationship" and "least restrictive alternative". *Id.* at 631–32, 632 n. 12.

■ Here, Allam concedes that he has no protected interest in possessing or using marijuana. Even if Allam had not conceded this point, we would recognize the legislature's legitimate interest in regulating marijuana. Indeed, the Alaska Supreme Court has already held that, except for personal use of marijuana by adults in their own home, the legislature is justified in regulating the possession and use of this drug. *Ravin*, 537 P.2d 494.

The second prong of the equal protection test is also satisfied. Because Allam has no interest in possessing or using marijuana, the classification drawn by former AS 11.71.060(a)(3) between people at least 19 years old and people younger than 19 years must bear a "substantial relationship" to the policy interests underlying the regulation of marijuana. *Enserch Alaska Construction*, 787 P.2d 624. We conclude that, given the relationship between age and discretion, the establishment of a minimum age of 19 years for marijuana use bears a substantial relationship to the social interests advanced by marijuana regulation.

As noted above, Allam presents an alternative argument: that if he is to be treated as a minor for purposes of marijuana regulation, the equal protection guarantee requires that he be prosecuted in juvenile court (as he would be if he were under the age of 18 years) instead of being prosecuted as an adult. Again, Allam's argument falsely assumes that the legislature must establish one age of majority for all purposes.

We discussed earlier that the Alaska legislature has, at different times, decreed different general ages of majority. Until 1959, the general age of majority was 21 years. From 1959 until 1977, it was 19 years. Since 1977, it has been 18 years. However, the history of Alaska's juvenile justice system shows that, for two generations, the legislature has viewed the age limit for juvenile jurisdiction to be distinct from the general age of majority.

Originally, the age ceiling for juvenile jurisdiction was 21 years, the same as the general age of majority. § 1911 CLA (1933), as amended by ch. 31 Laws 1935. But in 1943, the legislature lowered the juvenile jurisdiction ceiling to 18 years (even though the general age of majority remained at 21 years). Ch. 8 Laws 1943. This law was later codified as § 51–3–3 CLA (1949). The age limit of 18 years was reaffirmed in 1957 when the legislature passed the initial version of what is now AS 47.10.010, the statute establishing juvenile court jurisdiction over minors charged with crimes. Ch. 145 § 1, SLA 1957 provided:

*Definitions.* For purposes of this Act,

...

(a) A "minor" shall be considered any child not having yet reached his eighteenth birthday.

This age limit of 18 years has remained a fixture of Alaska juvenile law even while the general age of majority has fluctuated from 21 years (1943 to 1959) to 19 years (1959 to 1977) to 18 years (1977 to the present).

*See R.J.C. v. State*, 520 P.2d 806, 808 (Alaska 1974), holding that the emancipation of a child younger than the general age of majority did not affect his right to be prosecuted under the juvenile system. *See also M.O.W. v. State*, 645 P.2d 1229, 1233–35 (Alaska App.1982), holding that a child under the age of 18 years cannot elect to be prosecuted as an adult for possession of marijuana.

Again, Allam simply argues for numerical consistency. Allam has not presented this court with concrete reasons to believe that it is a violation of equal protection for the legislature to establish a minimum age for marijuana use that differs from the cutoff age for juvenile jurisdiction. We conclude that the policies underlying our juvenile justice statutes are sufficiently distinct from the policies underlying the laws regulating alcohol and drug use that the Alaska constitution does not require the legisla-

ture to use the same age limit for both purposes. The legislature could reasonably conclude that, even though 18–year–olds do not possess the maturity and discretion to use intoxicants, 18–year–olds nevertheless possesses sufficient awareness of themselves and their obligations to society to be held fully responsible if they choose to violate the criminal law.

For these reasons, we conclude that the Alaska legislature acted constitutionally when they enacted former AS 11.71.-060(a)(3), establishing 19 years as the minimum age for possession and use of marijuana guarantee, and when they left the maximum age for juvenile jurisdiction at 18 years, so that 18–year–olds who violated former AS 11.71.060(a)(3) would be prosecuted as adults.

■■■ Allam makes one final argument. Former AS 11.71.060(b) provided that use or possession of marijuana by a person under the age of 19 was a class B misdemeanor. Class B misdemeanors carry a maximum penalty of 90 days' imprisonment and a $1,000 fine. AS 12.55.135(b) and

12.55.035(b)(4). Allam contends that imposing such a sentence for his offense constitutes "cruel and unusual punishment". This claim is meritless.

A sentence violates the cruel and unusual punishment clause only if it is "completely arbitrary and shocking to the sense of justice." *Davis v. State*, 566 P.2d 640, 644 (Alaska 1977), quoting *Green v. State*, 390 P.2d 433, 435 (Alaska 1964). Our sense of justice is not shocked by the possibility that a violator of former AS 11.71.060(a)(3) might be sentenced to a maximum penalty of 90 days' imprisonment and a $1,000 fine.[1]

The judgement of the district court is AFFIRMED.

COATS, J., not participating.

---

1. Allam actually received a penalty considerably less than this potential maximum; the court imposed a suspended imposition of sentence conditioned on his good behavior for a period of 90 days, his performance of 24 hours of community work, and his being screened by the Alcohol Safety Action Program.