Camille **CHOINIERE** v. Scott
**BROOKS**

[660 A.2d 289]

No. 94-653

March 24, 1995. On January 11, this Court granted until further order defendant Scott Brooks' request for a stay on a mittimus issued by the Franklin Family Court. The mittimus was issued because defendant failed to pay arrearages on outstanding child support contrary to the court's civil contempt order. Defendant, who was proceeding in forma pauperis, sought court-appointed assistance of counsel prior to the issuance of the mittimus, but the court denied this request. We review this matter, sua sponte, to determine whether an individual held in civil contempt may be incarcerated without the benefit of counsel, and conclude that due process requires the appointment of counsel in these circumstances. See *Randall v. Randall* 129 Vt. 432, 435, 282 A.2d 794, 795-96 (1971) (noting our concern in civil actions of a trial court's power to incarcerate for nonpayment of money).

The United States Supreme Court has stated, albeit in dicta, that the right to appointed counsel is triggered when a defendant's personal liberty is at stake. *Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981). In *Lassiter*, the Court rejected the argument that the right to counsel attaches for an indigent parent in a termination-of-parental-rights proceeding, *id.* at 33, but its analysis is nonetheless instructive for our purposes here. The Court noted that the Due Process Clause of the Fourteenth Amendment does not distinguish between the "criminal" or "civil" nature of incarceration proceedings. *Id.* The Court stated that "'actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment,'" and that actual

imprisonment is the line that defines the constitutional right to appointment of counsel. *Id.* at 26 (quoting *Scott v. Illinois,* 440 U.S. 367, 373 (1979)).

Although the Supreme Court has never directly considered whether due process requires the appointment of counsel for an indigent facing incarceration for civil contempt, the overwhelming majority of other jurisdictions have concluded that this right does attach. See Note, *The Right to Appointment of Counsel for the Indigent Civil Contemnor Facing Incarceration for Failure to Pay Child Support,* 16 Campbell L. Rev. 127, 137 n.74 (citing United States Courts of Appeals that require counsel in these circumstances), and *id.* at 137-38 n.75 (citing state jurisdictions that reach same conclusion). See also Note, *The Right to Appointed Counsel for Indigent Civil Litigants: The Demands of Due Process,* 30 Wm. & Mary L. Rev. 627, 647-49 (1989). Moreover, this Court has noted that the underlying rationale of the right to counsel is to avoid the "end result of incarcerating uncounseled defendants." *State v. DeRosa,* 161 Vt. 78, 82, 633 A.2d 277, 280 (1993). Accordingly, the civil contempt proceeding that ultimately led to defendant's incarceration order must be vacated, and on remand the Franklin Family Court is directed to appoint counsel for defendant in accordance with the co-payment and reimbursement provisions of 13 V.S.A. § 5238.

*The Franklin Family Court's contempt order of November 22, 1994 is vacated, and the matter is remanded for further proceedings consistent with this order.*