State of Vermont
Superior Court - Environmental Division

=====================================================================
# ENTRY REGARDING MOTION
=====================================================================

**Town of Northfield**                                  **Docket No. 218-10-08 Vtec**
        **vs.**
**Larry Drown, Jason Law,**
**Jacob Dorman, & Kenneth Strong**

(Municipal enforcement proceeding)

Title: Defendant Drown's request for assigned counsel and continuance (Filing No. 38)

Filed: November 6, 2009

Filed By: Plaintiff Town of Northfield

Response: None.

_X_ Granted          ___ Denied          ___ Other

This municipal zoning enforcement action was the subject of a two-day trial on March 17–18, 2010. The Court issued a Judgment Order on April 6, 2010, finding that Defendant Larry Drown and others had violated the Town of Northfield Zoning Regulations. As a consequence of such violations, the Court ordered Defendants to take certain remedial measures and to pay certain penalties to the Town of Northfield ("the Town"). When Defendants failed to comply with the Judgment Order, the Court conducted an evidentiary hearing on the Town's motion to find the non-complying Defendants in contempt and issued its Contempt Order on July 12, 2011.

Now pending before the Court is the Town's motion that Defendants Drown, Dorman, and Strong be held in further contempt and that, as a consequence of such contempt, the Court issue an arrest warrant and mittimus against each Defendant until Defendants purge themselves of the previously-determined contempt. The Town specifically requests that each defendant be placed in the custody of the Commissioner of Corrections for a period of up to **two years**, unless and until they purge themselves of the predetermined contempt.

In response to the Town's motion, Defendant Drown requested that he be assigned legal counsel, at public expense, to assist him; he submitted a financial disclosure in support of this request. The Court Manager determined that Defendant Drown is a "financially needy person" under the Public Defender Payment Table guidelines. However, when the Court Manager contacted the offices of the Vermont Defender General, she was advised that counsel from that office could not be assigned to assist in representing any parties charged with civil contempt, even when incarceration was threatened.

This is a case of first impression for this Court. However, it appears that precedent requires the appointment of legal counsel, at state expense, to assist a person responding to civil contempt allegations when there is a risk of incarceration and substantial fines. See Russell v. Armitage, 166 Vt. 392, 397 (1997) (concluding that the Due Process Clause of the Fourteen Amendment of the United States

Constitution requires "assignment of counsel for indigent defendants in civil contempt proceedings that result in incarceration") (citing <u>Choiniere v. Brooks</u>, 163 Vt. 625, 625 (1995) (mem.)).  The Vermont Supreme Court offered support for its legal conclusions in <u>Choiniere</u> by noting that "the overwhelming majority of other jurisdictions [federal and state] have concluded that this right does attach."   <u>163 Vt. at 626</u> (citations omitted).

Defendants here face a serious charge of civil contempt and the loss of a substantial right: the right of liberty.  Defendant Drown has already suffered a judgment of nearly $50,000.00 in penalties.  He now faces further fines and a request by the Town that he be committed to the custody of the Commissioner of Corrections for a period of up to two years.  We therefore intend to proceed with an adjudication of the Town's civil contempt claims only after Defendant Drown has been afforded his right to counsel.

The Court directs that the Vermont Defender General assign public defender counsel to assist Defendant Drown no later than **Friday, February 3, 2012**.

So as to provide sufficient time for Defendant Drown and his to-be-assigned counsel to prepare, Defendant Drown's request for a continuance is hereby **GRANTED**.  The evidentiary hearing originally scheduled for Wednesday, February 1, 2012 is continued until **Wednesday, February 29, 2012**, per the attached Notice of Hearing.

_____          ___January 23, 2012___
          Thomas S. Durkin, Judge                                            Date

================================================================================

Date copies sent to:  _____                          Clerk's Initials _____
Copies sent to:
    Dina L. Atwood, Attorney for Plaintiff Town of Northfield
    Defendant Larry Drown, pro se
    Defendant Jacob Dorman, pro se
    Defendant Kenneth Strong, pro se
    Matthew F. Valerio, Vermont Defender General